UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ZENA D. CRENSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:04-CV-182 PS |
| | ) | |
| JOAN S. ANTOKOL *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This Court entered an order on March 29, 2005 dismissing all Defendants in this case except Robert Parker and Mary Paschen. Plaintiff Zena Crenshaw then filed a Verified Motion for an Order to Confirm or Facilitate Service on Defendant Mary Paschen and Allow Judgment to be Entered for all Defendants. That Motion was referred to Magistrate Judge Rodovich, who recommended that Defendant Mary Paschen be dismissed without prejudice for lack of service. Plaintiff has objected to the Magistrate Judge's Report and Recommendation. The Court now overrules Plaintiff's objection and dismisses Mary Paschen without prejudice, thereby denying in part Plaintiff's Verified Motion. The Court also dismisses Robert Parker with prejudice, thereby granting in part Plaintiff's Verified Motion.

**I. BACKGROUND**

The Court provides a summary of the relevant procedural history necessary for understanding the current pending Motion and corresponding Objection.[1] Pro se Plaintiff Crenshaw is a lawyer whose license to practice in Indiana has been suspended. On November 8, 2002, Plaintiff filed her first complaint in this case in the United States District Court for the

---

[1] For a more complete account of this case, see this Court's March 29, 2005 Order.

District of Columbia against several defendants alleging a convoluted conspiracy involving, among others, a state court judge, the Indiana Supreme Court Disciplinary Commission, three law firms, a drug company, and Bank One and some of its employees.  (*See* Compl.)  In summary, the complaint outlines three episodes which at times interconnect with one another and at times are totally disparate.  They involve Plaintiff's prior representation of a child in a products liability action against a drug company, the suspension of her law license by the Indiana Supreme Court, and the settling of Plaintiff's mother's estate by the probate court.  The latter tentacle is the one involving Bank One Trust Company, N.A. ("Bank One") and its employee, Mary Paschen.  Plaintiff attempted to serve Defendant Mary Paschen at her place of employment on November 15, 2002.  (Pl.'s Verified Mot. at 4.)

Plaintiff raised the issue of service of process relating to Paschen in three pleadings filed in the District Court for the District of Columbia.  First, on January 22, 2003, Plaintiff, in her Verified Application for the Default of Bank One [Doc. 42], noted that Mary Paschen was an employee at Bank One's Merrillville, Indiana office during the time period relevant to the merits of this litigation.  (Pl.'s Application for Default at 3.)  However, importantly, she conceded that she "has reason to believe" that Paschen's employment at Bank One ended in December 2001. (*Id.*)  According to Plaintiff, the return receipt of the papers served on Paschen indicated that the complaint and summons were received by Shelley Walker, a Bank One employee, on November 18, 2002.  (*Id.*)  But she stated that she is "unable to confirm or refute [service on Paschen] because of the lack of response by [Bank One] and/or Mary A. Paschen[.]"  (*Id.* at 4.)  She therefore requested that the court order Bank One to comply with Indiana Trial Rule 4.16(B)

regarding Mary Paschen.[2]  (*Id.*)

Second, on March 4, 2003, Plaintiff filed a Verified Motion for Extension of Time for Service of Process in Accord with 18 U.S.C. § 1965(b) [Doc. 36].  In this motion, Plaintiff again stated that she "has reason to believe" that Paschen's employment at Bank One ended in December 2001.  (Pl.'s Mot. for Extension of Time at 3.)  She requested the Court to extend the deadline for service of process until May 7, 2003, and to order Defendants "to assist with the identification of a current address for Mary A. Paschen and/or [to direct] Bank One Trust Company, N.A. to finalize service as to Ms. Paschen pursuant to Indiana Trial Rule 4.16(B)[.]" (*Id.* at 4.)

Third, in her Verified Response to the Motion to Dismiss made by several Defendants [Doc. 38], she asked the Court to order all defendants who have appeared "to cooperate with the plaintiff in identifying a current work or home address" for Mary Paschen.  (Pl.'s Resp. Mot. to Dismiss at 16.)

Meanwhile, several Defendants had filed motions to dismiss [Doc. 11, 21, 31] before the district court in Washington.  In *Crenshaw v. Antokol*, 287 F. Supp. 2d 37 (D.D.C. 2003), the court considered several of the motions, but ultimately concluded that Washington, D.C., was not the proper venue for the action and ordered the case transferred to this Court.  Once in the Northern District of Indiana, because many of the circumstances had changed that directly impacted several of the arguments made in the original motions to dismiss, the Court denied the motions with leave to re-file [Doc. 56].

---

[2]  Indiana Trial Rule 4.16(B) involves the duties of someone accepting service for another person.

In three separate motions in May 2004, twelve of the fifteen Defendants moved to dismiss [Doc. 74, 76, 79]. In response, Plaintiff moved to amend her Complaint on June 14, 2004, which was granted, and all motions to dismiss were denied as moot [Doc. 105]. After Plaintiff filed her First Amended Complaint, thirteen Defendants in July and August 2004 filed motions to dismiss [Doc. 91, 95, 99, 113]. At the hearing on the motions to dismiss on October 6, 2004, the Court orally denied Plaintiff's motion to amend her complaint a second time [Doc. 127].

On March 29, 2005, the Court granted all pending motions to dismiss, holding that (1) Plaintiff's first amended complaint did not satisfy Federal Rule of Civil Procedure 8; (2) Plaintiff's § 1983 claims fail because she did not properly allege state action by any Defendants; and (3) Plaintiff's abuse of process claims fail because she did not allege that Defendants used the legal process in an improper way. (3/29/05 Ord. at 7, 11, 12 [Doc. 150].) As a result of the granting of the motions to dismiss, only two Defendants, Robert Parker and Mary Paschen, remained. (*Id.* at 14.) In its Order, the Court noted that Plaintiff had not properly served Paschen and had until April 15, 2005 to effectuate service upon Paschen. (*Id.* at 14-15.)

On April 4, 2005, Plaintiff filed the pending Verified Motion for an Order to Confirm or Facilitate Service on Defendant Mary Paschen and Allow Judgment to be Entered for all Defendants. [Doc. 151]. In this Motion, Plaintiff requests an entry of judgment in favor of Defendant Robert Parker. (Pl.'s Verified Mot. at 4.) Parker filed a response stating that he had no objection to Plaintiff's Motion. [Doc. 159].

In that same Motion, Plaintiff contends that Paschen was an employee of Bank One in its Merrillville, Indiana office during the time period relevant to the merits of the case. (Pl.'s

Verified Mot. at 4.)  Moreover, according to Plaintiff, Paschen was delivered the complaint and summons on November 15, 2002 at Bank One. (*Id.*)  Plaintiff also notes that the domestic return receipt indicated that the complaint and summons, addressed to Paschen in care of Bank One, were received by Shelley Walker on November 18, 2002. (*Id.*)  Plaintiff nonetheless states that she has "reason to believe that Paschen's employment with Bank One may have ended in December of 2001, but is uncertain of Paschen's exact employment history with Bank One[.]" (*Id.*)  Finally, Plaintiff asserts that she cannot serve Paschen by publication because she does not know in which city, county or state Paschen resides.  (*Id.* at 5.)

As relief, Plaintiff in her Verified Motion requests that the Court either confirm service on Mary Paschen and then dismiss her from the suit with prejudice, or, in the alternative, order former defendant Bank One to provide Paschen's last known home and business mailing addresses, so that Plaintiff can effect service upon Paschen before seeking judgment in Paschen's favor.  (*Id.*)  Plaintiff also seeks an order requiring Bank One "to make a report to the Court of its action, if any, pursuant to Indiana Trial Rule 4.16(B) regarding defendant Mary Paschen[.]" (*Id.*)   The Court received an Opinion and Report and Recommendation [Doc. 157] from Magistrate Judge Rodovich regarding Plaintiff's Verified Motion.  The Report recommends that, because service was never proper on Paschen, this Court deny in part Plaintiff's Verified Motion and dismiss Paschen without prejudice.  (R&R at 6.)

Pursuant to Federal Rule of Civil Procedure 72(b), the Plaintiff filed her Objection to the Magistrate's Opinion and Report and Recommendation [Doc. 160] within ten days of being served with a copy of the Magistrate Judge's findings.  Fed. R. Civ. P. 72(b).  Plaintiff claims that, contrary to Magistrate Judge Rodovich's assertion, she "timely sought court intervention to

5

insure proper service on Mary Paschen" before the United States District Court for the District of Columbia, citing her previous Motion for Extension of Time for Service of Process filed on March 4, 2003. (Pl.'s Obj. at 3.) She also argues that, if the issue arises whether Shelley Walker was authorized to receive service of process for Paschen, Plaintiff is entitled to discovery regarding Walker's authority. (*Id.*) Plaintiff moreover asserts that "Mary Paschen would be deprived of [the] favorable judgment [entered for Defendants in the Court's March 29, 2005 Order] should she be dismissed without prejudice . . . ." (*Id.* at 5) (alteration and quotations omitted).

## II. DISCUSSION

Because the two remaining Defendants are before this Court on the same Motion, but on separate issues, they will be addressed in turn.

### A. Robert Parker

In her Verified Motion, Plaintiff requests that judgment be entered for all Defendants without requiring any additional briefing by the parties. Specifically, Plaintiff requests "that the Court's Order of March 29, 2005 inures to the benefit of all defendants and by its terms as opposed to party stipulation, judgment should enter for each of them without interposition of additional briefing[.]" (Pl.'s Verified Mot. at 4.) Defendant Robert Parker filed a response [Doc. 159], expressing that he has no objections to Plaintiff's Verified Motion. Because the Court finds that the reasoning set forth in its March 29, 2005 Order also applies to Defendant Parker, the Court grants in part Plaintiff's Motion as it relates to Parker.

### B. Mary Paschen

Federal Rule of Civil Procedure 72(b) requires a party disagreeing with a magistrate

6

judge's report and recommendation on a dispositive motion to file "specific, written objections to the proposed findings and recommendations" within 10 days of being served with a copy of the recommendation.  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).  The district court judge must make a de novo determination of those portions of the magistrate judge's disposition to which a specific, written objection has been made.  *Id*.  Because Plaintiff objects to Magistrate Judge Rodovich's Opinion and Report and Recommendation relating to the service upon Defendant Mary Paschen, this Court will review that issue de novo.

   **1.**  **Plaintiff Has Not Served Paschen Pursuant To Federal Rule Of Civil Procedure 4(e).**

  Federal Rule of Civil Procedure 4(e) authorizes two ways in which a plaintiff may serve a defendant.  *See* Fed. R. Civ. P. 4(e).  Plaintiff here decided to effect service on Paschen "pursuant to the law of the state in which the district court is located, or in which service is effected[.]"  *Id*. at 4(e)(1).  Under Indiana Trial Rule 4.1(A), service is permitted upon an individual by "sending a copy of the summons and complaint by registered or certified mail . . . to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter[.]"  Ind. Tr. R. 4.1(A)(1).  Indiana Trial Rule 4.16(B) allows someone other than the defendant to accept service on the defendant's behalf.  The rule provides that:

  Anyone accepting service for another person is under a duty to:

   (1)  promptly deliver the papers to that person;

   (2)  promptly notify that person that he holds the paper for him; or

   (3)  within a reasonable time, in writing, notify the clerk or person making the service that he has been unable to make such delivery of notice when such is the case.

Plaintiff has argued that Bank One, through its employee Shelley Walker who received the summons and complaint intended for Paschen, was under a duty to perform the actions listed in Indiana Trial Rule 4.16(B). (Pl.'s Verified Mot. at 4-5.) This argument assumes that, as required by Indiana law, Walker possessed the legal authority to accept service of process for Paschen.

In his Opinion and Report and Recommendation, Magistrate Judge Rodovich found that it is not clear that Walker had such authority. (R&R at 5.) While the Indiana Trial Rules allow for a person to be served at his or her place of employment, a plaintiff is not allowed to effect service upon a defendant merely by serving any person at the defendant's place of employment. Rather, the Indiana Supreme Court "construe[s] the clause in T.R. 4.16(B) that states, 'Anyone accepting service for another person . . .' to mean anyone *with authority* to accept service for another person." *See LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind. 1993) (emphasis in original); *see also Robinson v. Turner*, 15 F.3d 82, 86 (7th Cir. 1994) ("*Turner I*"), *remanded to* 886 F. Supp. 1451 (S.D. Ind. 1995) ("*Turner II*") ("In interpreting Indiana Trial Rule 4.16, the Supreme Court of Indiana has held that a person accepting mail service for another must have the authority to do so."); *Cardenas v. Benter Farms*, No. IP 98-1067, 2000 WL 1693807, at *2 (S.D. Ind. Nov. 7, 2000), citing *LaPalme*, 621 N.E.2d at 1106 (same). Therefore, the relevant inquiry is whether Walker was authorized to receive service of process (in this case, in the form of certified mail) for a Bank One employee. *See Turner II*, 886 F. Supp. at 1455. As the Magistrate Judge observed, Plaintiff has failed to answer this inquiry. *See id.* at 1459 ("The

8

burden to show that the attempted service was adequate or cured rests with the Plaintiff . . . .")[3]

In any event, Paschen was not properly served for a simpler and more fundamental reason. Defendant Paschen is involved in this case due to her employment at a Bank One in Merrillville. Plaintiff claims that Paschen was delivered the complaint and summons at that office on November 15, 2002. But as Plaintiff has repeatedly stated, she has "reason to believe" that Paschen ended her employment with Bank One in December of 2001. (Pl.'s Verified Mot. at 4; Pl.'s Obj. at 4; Pl.'s Mot. for Extension of Time at 3.) It is unclear whether Plaintiff even believed that Paschen still worked at Bank One in November 2002 when Plaintiff filed the complaint and served Paschen. What is clear is that Plaintiff knew this fact as of at least January of 2003 when Plaintiff explicitly stated that she believed Paschen had left Bank One in December 2001. (*See* Pl.'s Application for Default at 3 [Doc. 42].)

Once Plaintiff realized that Paschen no longer worked at Bank One (and this occurred within the 120-day time limit that ended on March 8, 2003), Plaintiff bore responsibility to make a reasonable effort in locating and properly serving Paschen. But there is no evidence in the record that Plaintiff in any way attempted to locate Paschen on her own. Instead, Plaintiff rested on her one service attempt to a business where Paschen no longer worked. This one failed

---

[3] Plaintiff argues that *LaPalme v. Romero*, 621 N.E.2d 1102 (Ind. 1993) is no longer good law because the Indiana Supreme Court struck language from the proposed Indiana Trial Rule 4.1 that now has been included in that Rule. (Pl.'s Obj. at 2-3.) Plaintiff is mistaken. The Indiana Supreme Court in *LaPalme* struck language from the proposed rule, eliminating the possibility of "copy service at a place of employment as an unneeded and unwise divergence from Indiana practice." *LaPalme*, 621 N.E.2d at 1105. The Indiana Supreme Court left untouched Indiana Trial Rule 4.1(A)(1) that authorizes sending a copy of the summons and complaint by registered or certified mail to a place of employment. *See id.* at 1106 (Givan, J., dissenting) ("There was no attempt to strike out or qualify T.R. 4.1(A)(1), which '[permits sending] a copy of the summons and complaint by registered or certified mail . . . to his residence, place of business or employment . . . .'").

attempt does not satisfy due process concerns of providing proper notice of a lawsuit. *See Turner I*, 15 F.3d at 86 ("[A]ny such service must comport with federal due process requirements that service be made in a manner reasonably calculated to inform the defendant of the pending lawsuit."), citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). And it was Plaintiff's responsibility to try again. *See Pike v. Decatur Mem'l Hosp.*, No. 1:04-CV-0391, 2005 WL 2100251, at *2 (S.D. Ind. August 26, 2005) ("It was [Plaintiff's] obligation, as the Plaintiff, to find alternative methods of locating and serving the Defendant after the failed attempt by certified mail.").

For the above reasons, this Court finds that because Defendant Paschen had not worked at Bank One for nearly a year when Plaintiff sent the complaint and summons by certified mail to Bank One, Paschen was never properly served. *See Claus v. Mize*, 317 F.3d 725, 728 (7th Cir. 2003) ("As the district court noted below, it is not unfair to require a plaintiff who chooses to serve a defendant at his place of employment to serve the defendant where he actually works."); *Turner II*, 886 F. Supp. at 1453 n.2, 1458 (holding that service on defendants who no longer worked at Terre Haute Penitentiary when served "constituted a complete failure of service of process" and "[a]s Plaintiff did not serve Defendants at their place of employment, the mail clerks did not have the authority to sign the receipt for certified mail"). *Cf. Hill v. Ramey*, 744 N.E.2d 509, 512 (Ind. Ct. App. 2001) (finding that *Mills v. Coil*, 647 N.E.2d 679 (Ind. Ct. App. 1995), is controlling where that court found "'[s]ervice upon a defendant's former residence is insufficient to confer personal jurisdiction'") (alteration in original) (citation omitted); *Poteet v. Bethke*, 507 N.E.2d 652, 654 (Ind. Ct. App. 1987) (concluding that service was defective when Plaintiff served Defendant at his former home).

### 2. The Court Denies Plaintiff's Request to Order Bank One To Provide Information To Facilitate Plaintiff's Service Of Paschen.

The Court in its March 29, 2005 Order essentially extended the deadline for service of process some 25 months from March 8, 2003 – 120 days from the filing of the complaint – until April 15, 2005, the new date provided by the Court to Plaintiff to effectuate service on Paschen. That deadline has come and gone with Plaintiff failing to perfect service on Paschen.

Instead, Plaintiff filed her Verified Motion to Confirm or Facilitate Service with respect to Paschen, asking the Court to order Bank One to provide Paschen's last known home and business mailing addresses. But Plaintiff has not made a good faith effort in attempting to obtain this information herself. The record does not indicate that Plaintiff propounded discovery on Bank One requesting Paschen's residence or business location or subpoenaed Bank One for that information. *See Bailey v. Sheahan*, No. 02 C 7226, 2003 WL 21479068, at *2 (N.D. Ill. June 20, 2003) (dismissing claims against certain defendants *sua sponte* where Plaintiff attempted to serve those defendants only once and where plaintiff "has made no further attempts in the last five months, through the discovery process or otherwise, to identify, locate and serve these defendants"); *Campbell v. Ill. Dep't of Corr.*, 907 F. Supp. 1173, 1178 (N.D. Ill. 1995) (granting pro se prisoner plaintiff additional extension of time to perfect service where "[d]uring discovery, plaintiff learned the full name of [defendant 1] and located the current places of employment for both her and [defendant 2], in order to effect proper service"). Rather, Plaintiff's consistent recourse, both in this Court and in the District Court for the District of Columbia, only involved seeking a court order directing Defendants to provide Paschen's work or residence address.

Furthermore, Plaintiff only set forth the issue regarding service of process on Paschen to

11

this Court in her Verified Motion filed on April 4, 2005 after the Court noted the insufficiency of service on Paschen in its March 29, 2005 Order.  Plaintiff never previously submitted the issue to this Court at any time from when this case was transferred here in March 2004 through March 2005, despite filing numerous other pleadings.  Now at this late date, Plaintiff is seeking a court order requiring Bank One to provide Paschen's last known home and business mailing addresses.

The burden to properly serve Paschen has at all times been on Plaintiff.  *See Carlyn Dairy Prods. v. First Int'l, Inc.*, No. 03 C 1168, 2003 WL 21800065, at *1 (N.D. Ill. July 29, 2003) ("Plaintiff has not shouldered its burden of proving that defendant was served in accordance with any of these methods."); *Mitchell v. Fairman*, No. 95 C 3648, 1996 WL 420294, at *2 (N.D. Ill. July 24, 1996) ("Plaintiffs . . . have the burden of seeing that defendants are properly identified and served.").  She has, very simply, not met this burden.  She has not explained to this Court whether she attempted to obtain Paschen's home or employment address through usual discovery channels or why she waited so long to raise the issue of service of process with this Court.  She has also not provided the Court with a reason why she believes that Shelley Walker, a Bank One employee, was a proper party to accept service of the complaint and summons when Plaintiff knew in at least January of 2003 that Paschen was no longer employed at Bank One.  (*See supra* § II(B)(1).)  Therefore, this Court declines Plaintiff's invitation to enter a court order requiring Bank One to provide Paschen's last known home and business mailing addresses.  *See Bell v. City of Chicago*, No. 03 C 2117, 2004 WL 3119015, at *2 (N.D. Ill. Dec. 20, 2004).

       **3.**       **The Court Will Not Further Extend The Time Period For Plaintiff To Serve Paschen.**

The Federal Rules of Civil Procedure mandate a time limit for service of the summons

and complaint. *See* Fed. R. Civ. P. 4(m).  A plaintiff has 120 days after the filing of the complaint to serve a defendant. *Id.* If service is not made within those 120 days, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time[.]" *Id.* As Paschen has never been served in the over three years since this lawsuit's inception, Plaintiff has decidedly missed the cutoff date for proper service.

This Court must decide whether to again extend the deadline for service on Paschen.  In addition to providing 120 days for service, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to serve the defendant within 120 days], the court shall extend the time for service for an appropriate period." *Id.* Plaintiff bears the burden of showing good cause. *Bachenski v. Malnati*, 11 F.3d 1371, 1376 (7th Cir. 1993).  "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002).  Good cause also requires "evidence that plaintiff used 'reasonable diligence' in attempting to serve defendant within 120 days." *Bell*, 2004 WL 3119015, at *1 (citing *Bachenski*, 11 F.3d at 1377).  If Plaintiff can show good cause, the Court is required to grant an extension for service. *See Troxell v. Fedders of North Am., Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).

But "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *Troxell*, 160 F.3d at 383, citing *Panaras*, 94 F.3d at 341; *see also* Fed R. Civ. P. 4(m), advisory committee notes, 1993 amendments (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this

13

subdivision even if there is no good cause shown."). In such a situation, excusable neglect is the grounds for the extension. *See Coleman*, 290 F.3d at 934. The Court in this analysis "weighs factors such as the statute of limitations, prejudice to the defendant, actual notice, and eventual service." *Pike*, 2005 WL 2100251, at *3, citing *Troxell*, 160 F.3d at 382; *see also Coleman*, 290 F.3d at 934 (listing factors for consideration in deciding whether to excuse plaintiff's failure to serve complaint within the 120 days); Fed. R. Civ. P. 4(m) advisory committee notes, 1993 amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.").

  Here, Plaintiff has not provided the Court with any reason sufficient to prove good cause for the failure to serve Paschen. There is nothing at all in the record to indicate that Paschen has evaded process or that anyone impeded Plaintiff's ability to serve Paschen. As stated previously, Plaintiff only once attempted to serve Paschen at her former place of employment despite knowing, by her own admission, that Paschen no longer worked there. After that, she turned to the district courts for help in finding Paschen without looking into any other avenues that may have yielded Paschen's current residence or business address. This sequence of events does not reflect that Plaintiff used "reasonable diligence" to obtain service and therefore does not provide a valid reason for delay. The Court therefore finds that Plaintiff has not established good cause for a further extension.

  Absent good cause, the Court now must decide whether to extend the time for service in its discretion. Plaintiff does not assert that her claims against Paschen will be time-barred under a statute of limitations defense if dismissed without prejudice. Furthermore, the Court believes

14

that it is highly likely that Paschen is completely unaware of the existence of this lawsuit. Thus, to state the obvious, Paschen has never received eventual service (particularly considering that Plaintiff only attempted one failed service on Paschen) and has not concealed a defect in the attempted service. Moreover, although Plaintiff is proceeding in this matter pro se, she was at one time a licensed attorney in Indiana. The only factor that may fall on Plaintiff's side is that Paschen may not have suffered any harm in her ability to defend the suit as a consequence of the delay in service. But this Court has already provided Plaintiff with an additional extension of over two years to serve Paschen. Therefore, this Court's review of all the factors in weighing excusable neglect does not warrant, in this Court's discretion, a permissive extension for service.

Federal Rule of Civil Procedure 4(m) states: "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time[.]" Fed. R. Civ. P. 4(m). It is true that this Court in its March 29, 2005 Order did not explicitly state that Plaintiff's claims against Paschen would be dismissed if Paschen did not perfect service. (*See* 3/29/05 Ord. at 14-15.) The Court nevertheless provided Plaintiff with a substantial extension of time to correct service on Paschen. Plaintiff also had plenty of opportunity to show good cause for failure of service, specifically in her Verified Motion filed on April 4, 2005 and her Objections to the Magistrate's Report and Recommendation filed on May 9, 2005 (after knowing that Magistrate Judge Rodovich's recommendation was dismissal without prejudice). She failed to do so. The Court therefore believes that Plaintiff, who has received a lengthy extension of time and who has had sufficient opportunity to present good cause, will not be prejudiced by a dismissal at this point. *See Blaney v. West*, 209 F.3d 1027, 1032 (7th Cir. 2000) ("Although we agree that the

15

better course is for the district court to give actual notice before entering an order dismissing the case, we join the First and Ninth Circuits in finding that where the plaintiff was not prejudiced by the lack of notice, the error is harmless.").

In sum, this Court has granted Plaintiff wide latitude in her pleadings and briefings, regardless of its opinion on the merits of the case. The time for this leniency, however, has come to an end. *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) ("The fact that [plaintiff] was proceeding *pro se* does not excuse her failure to comply with procedural rules."); *Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even uncounseled litigants must act within the time provided by statutes and rules."). Because this Court finds that Plaintiff has not properly effectuated service of process on Defendant Mary Paschen within the lengthy time period provided to Plaintiff, the claims against Defendant Paschen are dismissed without prejudice.[4] *See Leber v. Universal Music & Video Distribution, Inc.*, 225 F. Supp. 2d 928, 949 (S.D. Ill. 2002), *aff'd*, 332 F.3d 452 (7th Cir. 2003) ("[I]n light of the two-year delinquency in service on [defendant] and the fact that all other claims in this case have been resolved [through granting of other defendants' summary judgment motions], such an extension [for service] is not warranted and will only serve to reward the plaintiffs' delinquency. Therefore, the Court will dismiss without prejudice the plaintiffs' claims against [defendant] pursuant to 4(m).").

---

[4] Plaintiff seeks a dismissal with prejudice as to Mary Paschen, similar to the dismissal as to the other defendants. (Pl.'s Verified Mot. at 5; Pl.'s Obj. at 5-6.) But the Court cannot exercise personal jurisdiction over a defendant unless she has been properly served. *See Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("This court has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant."); *Turner II*, 886 F. Supp. at 1454 ("[W]here there has been insufficient service of process, the court does not have personal jurisdiction over the individual.") (citations omitted). Therefore, this Court does not have jurisdiction to enter a dismissal with prejudice.

### III.  CONCLUSION

Plaintiff's Verified Motion for an Order to Confirm or Facilitate Service on Defendant Mary Paschen and Allow Judgment to be Entered for all Defendants [Doc. 151] is **GRANTED IN PART** as it relates to Defendant Robert Parker.  Plaintiff's claims against Defendant Parker are therefore **DISMISSED WITH PREJUDICE**.  Plaintiff's Verified Motion [Doc. 151] is **DENIED IN PART** as it relates to confirming or facilitating service upon Defendant Mary Paschen.  Plaintiff's claims against Defendant Paschen are **DISMISSED WITHOUT PREJUDICE**.  Defendant Parker's Motion to Dismiss First Amended Complaint [Doc. 165] is **DENIED AS MOOT**.  Pursuant to Federal Rule of Civil Procedure 54(b), the Court directs the entry of final judgment as to all Defendants except Mary Paschen as there is no just reason for delay.

    **SO ORDERED**.

    ENTERED: March 8, 2006

                                               s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT